## IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT
### ABERDEEN DIVISION

| | | |
|---|---|---|
| DANUEL GATES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. <u>1:21-CV-172-DMB-RP</u> |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| ZENITH FREIGHT LINES, LLC | ) | |
| | ) | |
| JOHN DOES 1-5 | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW,** the Plaintiff, Danuel Gates ("Plaintiff" or "Mr. Gates"), by and through

counsel, and files this his *Complaint* against Defendant, Zenith Freight Lines, LLC ("Zenith")

and John Does 1-10 ("John Doe"). For cause of action, Plaintiff would show unto this Honorable

Court the following facts, to wit:

### <u>THE PARTIES</u>

1.      Plaintiff is an adult resident of the State of Mississippi.

2.      Defendant Zenith Trucking is a foreign corporation qualified to do business in

Mississippi, and may be served via its registered agent, Cogency Global Inc., whose address is

248 E Capital St., Suite 840, Three Wells Fargo Center, Jackson, MS 39201.

3.    Defendant John Doe 1 was an individual driver for Zenith Freight Lines, LLC, and their identity is unknown at this time.

## JURISDICTION AND VENUE

4.    Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332 (a) because the amount in controversy exceeds $75,000, exclusive of costs, and the matter involves citizens of different states. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate all other claims so related arising under the laws of the State of Mississippi.

5.    Venue is proper in this Court because the cases of action that gave rise to this claim occurred within the Northern District of Mississippi, and the Plaintiff is a lawfully admitted permanent resident of the United States located within the Northern District of Mississippi.

## FACTS ASSERTED

6.    On or about December 12, 2020, at or near 157 Plant Road in Tupelo, MS, Plaintiff was loading furniture onto the truck owned, operated, and insured by the Defendant, Zenith Trucking.

7.    That the Plaintiff at all relevant times was loading the furniture onto the Zenith truck in performance of his job duties.

8.    That the driver of the Zenith truck without notice or warning inadvertently pulled away from the loading dock causing the Plaintiff to fall off of the loading ramp of the Zenith truck onto his neck.

9.    As a direct and proximate result of the Defendants' negligence, Plaintiff has suffered damages which include, but are not limited to, past and future physical pain and suffering and distress; past and future medical bills; past and future loss of enjoyment of life, and other damages to be determined at the time of trial of this matter.

## CLAIMS FOR RELIEF

## COUNT I: NEGLIGENCE AND/OR GROSS NEGLIGENCE

10.    Plaintiff hereby incorporates and re-alleges all of the preceding paragraphs as if there were set forth more fully herein in their entirety.

11.    The Defendants, collectively and/or individually, owed a duty of care to the Plaintiff, Danuel Gates in the following non-exclusive ways:

   a. To provide a safe environment for the Plaintiff to load and unload product.

   b. To use reasonable due diligence to act in a manner that would prevent harm to the Plaintiff.

   c. To properly and safely assure the Plaintiff was not located in inside the bed of the trailer or in the vicinity of the Defendant truck and trailer that would cause hurt, harm, or danger.

   d. To ensure that the loading ramp of the trailer was properly retracted in a way that would not cause injury to the Plaintiff.

12.    The subject incident, and the injures and damages of Plaintiff(s), occurred as a direct and proximate result of the negligent acts of the Defendant, and the Defendant is liable for the damages Plaintiff(s) sustained.

13.    That as a direct and proximate result of Defendant's negligence, Plaintiff(s) suffered injuries to their person, suffered physical and emotional anguish and distress, and suffered damage to his property.  Due to the nature of the injuries Plaintiff suffered, he received medical treatment and has been called upon to pay for said medical treatment, which was reasonable and necessary.   Plaintiff(s) also suffered other damages which will be put forth at the trial of this matter.

14.     As a direct and proximate result of the negligence and/or gross negligence of Defendant, Plaintiff(s) seeks compensatory damages in an amount within the jurisdictional limits of this court, as well as punitive damages, the total amount of each to be determined by the trier of fact.

15.     The actions and/or omissions on the part of Defendant constituting negligence was performed with such gross recklessness as to equate to GROSS NEGLIGENCE.

16.     Plaintiff(s) asserts the Defendant's actions as alleged above were willful, wanton, outrageous and/or beyond the bounds of reasonableness.  The negligent and/or grossly negligent actions and/or omissions of Defendant evidence such reckless disregard for the rights and safety of the Plaintiff and others as to shock the conscious of this Court and justify the imposition of punitive damages from the Defendant in an amount to be determined at trial, in addition to actual damages.

17.     As a direct and proximate result of Defendants' breach of duty to Plaintiff,  Plaintiff received  injuries and damages for which he is entitled to recover which include, but are not limited to, the following:

        a.   Medical and hospital expenses, both past and future;

        b.   Physical pain and suffering, and mental anguish, both past and future;

        c.   Mental and emotional trauma, both past and future;

        d.   Property damage; and,

        e.   Punitive damages.

18.     As a direct and proximate result of the negligence and/or gross negligence of Defendant, Plaintiff(s) seeks compensatory damages in an amount within the jurisdictional limits of this court, as well as punitive damages, the total amount of each to be determined by the trier of fact.

## COUNT II: NEGLIGENT HIRING, RETENTION, AND SUPERVISION

19.     Plaintiff hereby incorporates and re-alleges all of the preceding paragraphs as if there were set forth more fully herein in their entirety.

20.     All defendants owed a duty to properly supervise and train all employees, agents, and/or managers in the scope and course of their employment including the use of reasonable safety precautions and obligations to maintain the loading area of the truck, and to ensure that the loading ramp was free and clear before moving the truck.

21.     Plaintiff's injuries were sustained directly as a result of the Defendant's breach of the above listed duties to properly train employees, agent, and/or managers and to ensure compliance by those individuals with all applicable safety rules and policies.

22.     Defendant's breach of their duties was a direct and proximate cause of the harm and injuries sustained by the Plaintiffs; but for the negligent conduct of the defendants, the harm suffered by plaintiff would have been avoided.

## COUNT III: NEGLIGENCE PER SE

23.     Plaintiff(s) hereby incorporates and re-alleges all of the preceding paragraphs as if they were set forth more fully herein in their entirety.

24.     During the course of the events giving rise to this Complaint, Defendant violated certain laws, rules, statutes, regulations and/or ordinances governing the operation of a motor vehicle.

25.     Plaintiff(s) was harmed as a direct and proximate result of Defendant violating the subject laws, rules, statutes, regulations and/or ordinances.

26.     The laws, rules, statutes, regulations and/or ordinances violated by Defendant were designed to protect persons such as Plaintiff(s) from the the type of harm Plaintiff(s) suffered.

27.     Therefore, Defendant has committed negligence per se, and Plaintiff is entitled to recover damages from the Defendant.

## COUNT IV: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

28.     Plaintiff(s) hereby incorporate and re-alleges all of the preceding paragraphs as if they were set forth more fully herein in their entirety.

29.     As a direct and proximate result of Defendant's negligence, Plaintiffs experienced severe emotional distress with physical manisfestations thereof.

30.     Plaintiffs are, accordingly, entitled to recover damages from Defendant for the severe emotional distress Plaintiffs suffered as a result of Defendant's negligent acts.

## DAMAGES AND CAUSATION

23. As a direct and proximate consequence of the incident, Plaintiff was caused to suffer the following injuries and damages, which include at least the following:

> a) Emotional distress mental anguish which Plaintiff suffered, and will continue to suffer;
>
> b) Hardship and inconvenience
>
> c) Humiliation and embarrassment;
>
> d) Lost wages
>
> e) Fear work involving 18-wheelers
>
> f) Medical care, counseling, mental health care which might be recommended, or which might have been recommended, which might occur, or which may have occurred, in the past, present or future.

19. As a direct and proximate consequence of the incident, Plaintiff was caused to suffer injury.

20. Plaintiff is entitled to recover a final judgement of, from, and against Defendant for all of the following:

a. A sum totaling $75,000.00 and/or in excess of the minimum jurisdictional limitation of this Court, and adequate to reasonably compensate Plaintiff for all actual compensatory damages suffered by him as a direct and proximate consequence of the incident;

b. Pre and post-judgment interest as provided by law; and,

c. All costs herein.

## PUNITIVE/EXEMPLARY DAMAGES

21.     Additionally, and alternatively, the conduct of Defendants was done with such a willful, wanton or reckless disregard for the safety of others as to justify an award of punitive/exemplary damages to deter this kind of conduct in the future. In the alternative, such heedless and reckless disregard of Plaintiff's rights, safety, and welfare is more than momentary thoughtlessness, inadvertence or misjudgment. Such unconscionable conduct goes beyond ordinary negligence, as such Plaintiff requests punitive and exemplary damages be awarded against Defendants in a sum which is within the jurisdictional limits of this court.

## TRAIL BY JURY DEMANDED

WHEREFORE PREMISES CONSIDRED, Plaintiff now brings this cause of action against Zenith Freight Lines, LLC and John Does 1-10 and demands judgment of and from the Defendant which will fairly compensate Plaintiff for his injuries and damages, together witch all costs and pre and post judgment interest.

Respectfully submitted, this the 12th day of November, 2021.

**DANUEL GATES, PLAINTIFF**

By:     */s/* Kegan Coleman
           KEGAN COLEMAN (MS Bar #105256)
           *Attorney for Plaintiff*

**OF COUNSEL**:

KEGAN COLEMAN (MS Bar #105256)
KEGAN COLEMAN LAW FIRM PLLC
2094 OLD TAYLOR RD. STE 151
POST OFFICE BOX 252
OXFORD, MISSISSIPPI 38655
TELEPHONE: 662-350-0392
FACSIMILE: 1-877-581-1857
kcoleman@kegancolemanlawfirm.com